IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CASSANDRA C. OLAGUE,

    Plaintiff,

vs.

COUNTY OF SACRAMENTO, et al.,

    Defendants.

    No. CIV S-11-0331 LKK EFB PS

    <u>ORDER</u>

/

    This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). On July 7, 2011, the undersigned granted plaintiff's request for leave to proceed *in forma pauperis*, directed the Clerk of the Court to issue process and provide plaintiff with the necessary documents for service, and directed plaintiff to supply the United States Marshal ("Marshal") with all information and documents needed to effect service of process. Dckt. No. 5. The July 7 order further directed the Marshal to effect service of process. *Id.*

    The Marshal now requests reimbursement of expenses incurred in personally serving defendant Robert Kitay. Dckt. Nos. 21, 22. The form USM-285/Process Receipt and Return filed by the Marshal on November 2, 2011, shows that the Marshal mailed a waiver of service on July 27, 2011. Dckt. No. 21. The form also includes a notation that the waiver of service was

not returned. *Id.* The Marshal then served defendant Kitay on October 31, 2011 by serving Irene Vega, a legal assistant at Kitay's law office in Carmichael, California. *Id.* The form shows total charges of $65.20 for serving Kitay. *Id.*

Rule 4 of the Federal Rules of Civil Procedure provides that "[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons." Fed. R. Civ. P. 4(d)(1). The Rule further provides that "[i]f a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant the expenses later incurred in making service . . . ." Fed. R. Civ. P. 4(d)(2). In light of those provisions, the Marshal may be entitled to the costs sought, as it appears that Kitay was given the opportunity required by Rule 4(d)(2) to waive service but failed to do so.

Accordingly, IT IS HEREBY ORDERED that:

1. Within 14 days from the date of service of this order, defendant Robert Kitay shall pay to the United States Marshal the sum of $65.20, unless within that time Kitay files a written statement showing good cause for failing to waive service.

2. The Clerk of the Court shall serve a copy of this order on the U.S. Marshal, 501 "I" Street, Sacramento, CA 95814 (tel. 916-930-2030).

Dated: November 15, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE