IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CASSANDRA C. OLAGUE,

    Plaintiff,　　　　　　　　　　　No. CIV S-11-331 LKK EFB PS

    vs.

COUNTY OF SACRAMENTO, et al.,　　　ORDER and
　　　　　　　　　　　　　　　　　　　　ORDER TO SHOW CAUSE
    Defendants.
_____/

    This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). Several defendants have filed motions to dismiss plaintiff's complaint and have noticed the motions to be heard on January 4, 2012.[1] Dckt. Nos. 26, 30; *see also* Dckt. No. 33.

    On December 21, 2011, plaintiff filed an opposition to one of the motions to dismiss. Dckt. No. 34. However, court records reflect that plaintiff has filed neither an opposition nor a statement of non-opposition to the other pending motion to dismiss. Local Rule 230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be served upon the moving party, and filed with this court, no later than fourteen days preceding the

---

[1] Although the second motion to dismiss was originally scheduled to be heard on January 30, 2012, defendants re-noticed that motion to be heard on January 4, 2012. Dckt. No. 33.

1

noticed hearing date or, in this instance, by December 21, 2011. Local Rule 230(c) further provides that "[n]o party will be entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."[2] In light of plaintiff's failure to file an opposition to one of the motions to dismiss, both of the motions that are scheduled to be heard on January 4, 2012 will be continued.

      Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

      1. The hearings on defendants' motions to dismiss, Dckt. Nos. 26 and 30, are continued to February 8, 2012.

      2. Plaintiff shall show cause, in writing, no later than January 25, 2012, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to one of the pending motions.

      3. Plaintiff shall file an opposition to that motion, or a statement of non-opposition thereto, no later than January 25, 2012.

      4. Failure of plaintiff to file an opposition will be deemed a statement of non-opposition to the pending motion, and may result in a recommendation that this action be dismissed for lack of prosecution and/or for failure to comply with court orders and this court's Local Rules. *See* Fed. R. Civ. P. 41(b).

      5. Defendants may file a reply to plaintiff's oppositions on or before February 1, 2012.

      6. The status (pretrial scheduling) conference currently set for January 25, 2012 is continued to April 18, 2012.

///

---

[2] Local Rule 183, governing persons appearing in pro se, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction. Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

2

1  7.  The parties shall file status reports, as provided in the July 7, 2011 and November 24,
2  2011 orders, on or before April 4, 2012.  *See* Dckt. Nos. 8, 24.
3  SO ORDERED.
4  Dated: December 28, 2011

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE