IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CASSANDRA C. OLAGUE,

    Plaintiff,                             No. 2:11-cv-331-LKK-EFB PS

vs.

COUNTY OF SACRAMENTO, et al.,       ORDER AND
                                                  ORDER TO SHOW CAUSE

    Defendants.

_____/

      This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21). *See* 28 U.S.C. § 636(b)(1). Defendants County of Sacramento (sued erroneously herein as Child Protective Services), Roger Dickinson, Jimmie Yee, Susan Peters, Roberta MacGlashan, Don Nottli, and Cheryl Bouressa move to dismiss plaintiff's first amended complaint and have noticed the motion to be heard on November 7, 2012. Dckt. Nos. 51, 53.

      Court records reflect that plaintiff has filed neither an opposition nor a statement of non-opposition to the motion to dismiss. Local Rule 230(c) provides that opposition to the granting of a motion, or a statement of non-opposition thereto, must be served upon the moving party, and filed with this court, no later than fourteen days preceding the noticed hearing date or, in this instance, by October 24, 2012. Local Rule 230(c) further provides that "[n]o party will be

1

entitled to be heard in opposition to a motion at oral arguments if opposition to the motion has not been timely filed by that party."[1]

Instead, on October 23, 2012, plaintiff re-filed a copy of her first amended complaint. Dckt. No. 54. The new copy of the first amended complaint makes a few minor grammatical modifications, but does not add or delete any of plaintiff's substantive allegations. Nor was plaintiff granted leave to file a further amended complaint. *See* Fed. R. Civ. P. 15(a)(1) and (2) (providing that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier," but "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."). Therefore, plaintiff's additional copy of her first amended complaint, Dckt. No. 54, will be stricken and her earlier first amended complaint, Dckt. No. 47, will remain the operative pleading in this action. Plaintiff will also be ordered to show cause why she failed to oppose defendants' motion to dismiss.

Accordingly, good cause appearing, IT IS HEREBY ORDERED that:

1. Plaintiff's additional copy of her first amended complaint, Dckt. No. 54, is stricken.

2. The hearing on defendants' motion to dismiss, Dckt. No. 51, is continued to December 12, 2012 at 10:00 a.m. in Courtroom No. 24.

3. Plaintiff shall show cause, in writing, no later than November 28, 2012, why sanctions should not be imposed for failure to timely file an opposition or a statement of non-opposition to the pending motion.

---

[1] Local Rule 183, governing persons appearing in pro se, provides that failure to comply with the Federal Rules of Civil Procedure and Local Rules may be ground for dismissal, judgment by default, or other appropriate sanction. Local Rule 110 provides that failure to comply with the Local Rules "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." *See also Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995) ("Failure to follow a district court's local rules is a proper ground for dismissal."). Pro se litigants are bound by the rules of procedure, even though pleadings are liberally construed in their favor. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

4. Plaintiff shall file an opposition to the motion, or a statement of non-opposition thereto, no later than November 28, 2012.

5. Failure of plaintiff to file an opposition to the motion will be deemed a statement of non-opposition thereto, and may result in a recommendation that this action be dismissed for lack of prosecution and/or for failure to comply with court orders and this court's Local Rules. *See* Fed. R. Civ. P. 41(b).

6. Defendants may file a reply to plaintiff's opposition, if any, on or before December 5, 2012.

SO ORDERED.

DATED: October 29, 2012.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3